## PIERCE *v.* HILLSBOROUGH COUNTY.

A complainant who causes a prosecution for a violation of the law prohibiting the sale of spirituous liquor to be carried on, wholly or partly, on the testimony of witnesses produced at the expense of the county, is not entitled to half of the fine which may be imposed.

ASSUMPSIT, by Henry D. Pierce against the county of Hillsborough, to recover one half of certain fines received by the county of O. P. Greenleaf and J. H. Lovering for violations of the law prohibiting the sale of spirituous liquor. The plaintiff claimed to recover one half of the fines imposed on Greenleaf and Lovering for keeping for sale as hereinafter mentioned. The case was tried upon the general issue. There was no conflict in the evidence so far as it tended to show that, at the January term, 1873, Greenleaf was indicted for selling to one Forsaith, and also for keeping for sale; that Lovering was indicted for keeping for sale (the indictment alleging a conviction for a prior offence); that both pleaded *nolo con.;* that Greenleaf was fined $50 on each of his two indictments; that Lovering (for second offence) was fined $100; that the county received the three fines; that the plaintiff received from the county one half of Greenleaf's fine for the sale to Forsaith, but the county refused to pay him one half of the other two fines; that before the January term, 1873, the plaintiff had made complaint to the solicitor against Greenleaf and Lovering, and given him the names of witnesses to be summoned against them before the grand jury; that the solicitor, at the plaintiff's request, caused said witnesses to be summoned in the manner in which witnesses are usually summoned by the public prosecuting officers,—by a subpœna, indorsed by the solicitor; that the plaintiff summoned and paid said Forsaith and other witnesses (not summoned by the solicitor); that the solicitor and the witnesses summoned by him at the plaintiff's request, and the plaintiff and the witnesses summoned by him, went before the grand jury together; that the plaintiff there made complaint against Greenleaf and Lovering; that the solicitor there objected to the plaintiff's being regarded as the complainant entitled to half the fines on indictments that might be found

on the testimony of the witnesses summoned and produced by him at the expense of the county ; that the witnesses summoned and produced by the solicitor at the plaintiff's request, and the witnesses summoned and produced by the plaintiff at his own expense, then testified ; that after they had all testified and withdrawn, the indictment against Greenleaf for a sale to Forsaith was found on the testimony of Forsaith, and the other two indictments against Greenleaf and Lovering, for keeping for sale, were found on the joint testimony of the witnesses summoned and produced by the solicitor on the complaint and at the request of the plaintiff and the witnesses summoned and produced by the plaintiff at his own expense. The court instructed the jury that the question was, whether the plaintiff was the complainant in, and whether he instituted and carried on, the prosecutions against Greenleaf and Lovering for keeping for sale ; that the evidence showed that the plaintiff was the complainant ; that carrying on a prosecution in the sense of the statute on this subject does not mean less than carrying it on without expense to the county so far as the production of witnesses is concerned ; that the object of the statute is to encourage private prosecutors, who assume the risk of the expense of producing the evidence on which fines are obtained (and officers' and magistrates' services in prosecutions before justices of the peace) ; that complainants recover their costs if the evidence is effectual ; that it would be an unreasonable construction of the statute to hold that the legislature intended to give everybody the right to institute prosecutions, and cause evidence to be produced at the expense of the county, and to gain half the fines in cases in which the evidence is effectual, and throw the whole or chief part of such expense upon the county in cases in which the evidence is ineffectual ; that it is unreasonable to hold that everybody can cause prosecutions to be carried on upon evidence produced at the expense of the county, the complainant to have half the profit and none of the risk of loss, and equally unreasonable to hold that everybody can force the county into a partnership in which the complainant shall have half the profit, and throw upon the county nearly the whole of the risk of the expense of a joint production of evidence which might be ineffectual ; that such a construction of the statute might be attended with consequences so ruinous to the treasuries and the tax-payers of the counties, that the court would not be justified in adopting it unless the intention of the legislature to impose such burdens and dangers were plainly and explicitly declared; that no such intention is declared in the present statute giving half the fines to complainants who carry on prosecutions ; that the statute does not give half the fines to complainants who cause prosecutions to be carried on, wholly or partly, on the testimony of witnesses produced at the expense or on the credit of the county ; that a complainant who does not produce, or cause to be produced, without expense or risk to the county, the testimony on which a fine is obtained, is not entitled to half the fine, because he does not carry on the prosecutions ; and that, if the jury believed the evidence before stated, in which there was no conflict, the defendant was entitled to a verdict.

To these instructions the plaintiff excepted. The verdict was for the defendant, and the plaintiff moved for a new trial.

*Pierce, pro se.*

*Barrett,* solicitor, for the defendants.

HIBBARD, J.   In *State* v. *Smith,* 49 N. H. 155, the second head-note recognizes the right of a complainant to half of the fine in a prosecution for a violation of the law prohibiting the sale of spirituous liquor, although the offence may have been prosecuted at the expense of the state; but it does not appear from the opinion of the court that the question was considered in that form. It is stated, in the argument of the respondent's counsel in that case, that the complainant " simply made the complaint;   *   *   all subsequent was done by the state's attorney and at the expense of the state;" but this does not appear from the statement of facts nor from the opinion. If this was so, and if the the law is as the defendant in the present case claims, that case might have been disposed of upon this ground; but it was in fact disposed of upon another ground entirely. What the views of the court, or of the judge who delivered the opinion, were upon the question which is now raised, may be conjectured, but they are not distinctly stated in the opinion.

In *Northumberland* v. *Coös,* 51 N. H. 557, it was held that the plaintiff town was entitled to recover half of certain fines imposed in cases in which it had advanced fees to some of the witnesses, but it seems not to all of them, which were allowed and paid by the county, and subsequently taxed in bills of costs and collected of the respondents; and if the result reached in that case, which appears to have been to give to the plaintiff one half of all the fines collected, can be fully sustained, it must be conceded that the present plaintiff is also entitled to recover. But we find nothing in the head-notes or in the opinion of the court to indicate that the question, whether it was necessary that the expense of prosecution should be paid by the complainant, was raised or considered at all. It appears from the opinion that the attention of the court was wholly directed to other objection to the plaintiffs' claim. The question, therefore, upon which this case turns, is to be treated as if it were now for the first time presented for our determination.

Chapter 99, sec. 21, Gen. Stats., as amended by inserting the words in brackets by ch. 3, sec. 7, act of 1870, is as follows : " The selectmen of every town shall prosecute, at the expense of the town, every person guilty of a violation of any previous section of this chapter, of which they can obtain reasonable proof; but this provision shall not be construed to prevent any person from making complaint, and instituting and carrying on prosecutions for such offences; and such complainant [whether a town or city by its officers or an individual] shall be entitled to one half of every fine collected through such prosecutions."

The words " shall prosecute at the expense of the town " in the case of prosecutions by selectmen, and the words " instituting and carrying on prosecutions " in the case of prosecutions by individuals, doubtless mean the same thing, and the right of a town or city by its officers, and of an individual, to receive half of a fine must stand or fall together ; and we are quite unable to perceive how it can truthfully be stated that a case is " prosecuted at the expense " of a town or city, or that a prosecution is " carried on " by an individual, where the prosecuting witnesses are paid from the county treasury ; and we are all of the opinion that the only construction which can properly be given to the statute under consideration is, that neither a town or city nor an individual shall be entitled to recover in such a case, where the witnesses for the prosecution were wholly or partly produced at the expense or on the credit of the county.   We hold not only that " the intention of the legislature to impose such burdens and dangers " upon tax-payers as might be occasioned by the construction contended for by the plaintiff has not been " plainly and explicitly declared," as the court instructed the jury it ought to have been in order to justify its adoption, but that the true construction of the language which the legislature has employed is the one which was given to the jury.

It seems that cases in which expenses are incurred by the county in prosecutions before justices of the peace or in police courts must stand on the same ground ; but that question does not arise in the case before us.

It is probably true that half of fines has, to a considerable extent, by virtue of what was supposed to have been decided in the cases cited or for other reasons, been paid to complainants in prosecutions not carried on at their expense, but there is nothing in that circumstance to justify us in giving an erroneous construction to a plain statutory provision.

The instructions to the jury were sufficiently favorable to the plaintiff, and there must be

*Judgment on the verdict.*